UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| LUKE BRYANT, | ) |
|         Plaintiff, | ) |
| v. | ) CASE No. 22-3193- JES-JEH |
| SPARC, et al., | ) |
|         Defendants. | ) |

**ORDER AND OPINION**

Plaintiff has filed a two count complaint against Defendants SPARC, Steve Nardulli, Mary Trask, John Howerter, and Greg O'Connor, alleging violations of Title VII and the Illinois Human Rights Act. Defendants have filed a Motion to [Partially] Dismiss, asserting that the Count II allegations against Defendants Nardulli, Trask, Howerter, and O'Connor, fail to state a claim under Fed. R. Civ. P. 12(b)(6). (Doc. 11). Plaintiff has filed a Memorandum in Opposition (Doc. 12). For the reasons indicated herein, Defendants' [Partial] Motion to Dismiss is GRANTED.

**BACKGROUND**

SPARC is a not-for-profit organization in Springfield, Illinois, servicing individuals with intellectual and developmental disabilities. Plaintiff was formerly employed as the SPARC Director of Programs and Services, and alleges he was involuntarily terminated on July 28, 2021. Defendants Nardulli, Trask, and Howerter, were SPARC board members who were allegedly "personally involved" in Plaintiff's termination. (Doc. 1 at 2). At the times relevant to the complaint, O'Connor was the SPARC CEO and allegedly "made sexual advances and sexually harassed multiple employees," including Plaintiff.

Plaintiff claims that he reported O'Connor's misconduct to the SPARC Vocational Director and to the Director of Human Resources. When the Director of Human Resources reported this to

1

O'Connor, he allegedly began taking retaliatory action against Plaintiff. These actions included stripping Plaintiff of his job duties, demoting him, and moving him to a different job location. (Doc. 1 at 3). Plaintiff pleads that Defendant Nardulli, who was tasked with investigating the complaint, was partisan and seemed more intent on building a case against Plaintiff than investigating the complaint against O'Connor.

On July 6, 2021, Plaintiff filed a Charge with the Illinois Department of Human Rights ("IDHR") and the Equal Employment Opportunity Commission ("EEOC"), alleging retaliation by SPARC, O'Connor, and Nardulli. On July 28, 2021, SPARC terminated Plaintiff's employment, and on November 11, 2021, Plaintiff filed a second charge with IDHR and the EEOC. There, he asserted that SPARC, Nardulli, Trask, and Howerter had terminated him in retaliation for his complaint and earlier filing.

Plaintiff pleads a Count I claim against SPARC under Title VII of the Civil Rights Act of 1964, § 704(a), 42 U.S.C.A. § 2000e–3(a), asserting this Court's federal question jurisdiction under 27 U.S.C. § 1331. Plaintiff pleads a Count II claim under the Illinois Human Rights Act ("IHRA") ("Act"), 775 ILCS 5/6-101, against SPARC; and Nardulli, Trask, Howerter, and O'Connor, individually, asserting this Court's supplemental jurisdiction under 28 U.S.C. § 1367. *See Gracia v. SigmaTron Int'l, Inc.*, 986 F.3d 1058, 1065 (7th Cir. 2021) (finding that a federal court's subject matter jurisdiction of a Title VII claim conferred supplemental jurisdiction for it to consider a motion to dismiss an IHRA claim and other state law claims).

**LEGAL STANDARD**

A motion to dismiss pursuant to Rule 12(b)(6) challenges whether a complaint sufficiently states a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). A motion to dismiss under 12(b)(6) tests the sufficiency of a complaint, but not the merits of a case. *McReynolds v.*

*Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a motion to dismiss, the complaint must describe the claim in sufficient detail to put the defendants on notice as to the nature of the claim and its bases, and it must plausibly suggest that the plaintiff has a right to relief. *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007). When considering such motions, courts "construe the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in her favor." *Tamayo v. Blagovich*, 526 F.3d 1074, 1081 (7th Cir. 2008). A complaint need not allege specific facts, but it may not rest entirely on conclusory statements or empty recitations of the elements of the cause of action. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## FACTS

The controversy here arises from Nardulli, Trask, Howerter, and O'Connor being named in their individual capacities in the Count II IHRA claim. Defendants assert that there is no individual liability in an IHRA retaliation claim, and that Nardulli, Trask, Howerter, and O'Connor must be dismissed. The Illinois Supreme Court has not ruled on this issue and Defendants cite a series of federal and Illinois Appellate Court cases which found no individual liability under the IHRA.

The IHRA provides it a civil rights violation for an *employer* to discriminate or harass an employee. 775 ILCS 5/2-102 (emphasis added). "Employer" is relevantly defined as "Any person employing one or more employees within Illinois during 20 or more calendar weeks within the calendar year of or preceding the alleged violation."[1] 775 ILCS 5/2-101(B)(1)(a-e). The Act defines "person" as "one or more individuals, partnerships, associations or organizations, labor

---

[1] This subsection was amended on July 1, 2020, by P.A. 99-78 to apply to those employing "one or more employees". Prior to that, an employer was identified as "Any person employing 15 or more employees . . ." Several of the cited cases reference (B)(a)(a), prior to the July 1, 2020 amendment.

3

organizations, labor unions, joint apprenticeship committees, or union labor associations, corporations, the State of Illinois and its instrumentalities, political subdivisions, units of local government, legal representatives, trustees in bankruptcy or receivers." 775 ILCS 5/1-103(L). In addition, the Act has an anti-retaliation provision, asserting it is a civil rights violation for "a person, or for 2 or more persons" to retaliated for an employee's complaints of discrimination or sexual harassment. 775 ILCS 5/6-101(A).

Defendants assert that Nardulli, Trask, Howerter, and O'Connor were not Plaintiff's employers, so as to have potential liability under the Act. Plaintiff respond with the bare statement that Defendants Nardulli, Trask, and Howerter were not fellow employees but SPARC board members. (Doc. 12 at 3). It is unclear whether this statement is meant to infer that Defendants' status as board members renders them liable as employers. Plaintiff offers no argument to support this statement and the Court need not labor to discern its meaning. *See Gross v. Town of Cicero*, 619 F.3d 697, 705 (7th Cir. 2010) (finding plaintiff had waived argument which was not fully developed) (citing *United States v. Useni*, 516 F.3d 634, 658 (7th Cir. 2008) ("We have repeatedly warned that perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived[.]")) (internal quotation marks and citations omitted).

Plaintiff's remaining argument is that an IHRA claim is not foreclosed against Nardulli, Trask, Howerter, and O'Connor if they were "personally motivated" to retaliate against Plaintiff. In support, Plaintiff cites *Anderson v. Modern Metal Products*, 711 N.E.2d 464, 471 (Ill. App. 2d 1999).

## ANALYSIS

Defendants assert that while the Illinois Supreme Court has not ruled on the issue of individual liability in an IHRA retaliation claim, there is a body of federal and state law finding no

individual liability. *See Robinson v. City of Evanston*, No. 16-5677, 2017 WL 201374, at *4 (N.D. Ill. Jan. 18, 2017) (discussing the lack of state supreme court precedent as to individual liability in an IHRA retaliation claim). "In the absence of such guidance from a state supreme court, federal courts give 'great weight to the holdings of the state's intermediate appellate courts and ought to deviate from those holdings only when there are persuasive indications that the highest court of the state would decide the case differently from the decision of the intermediate appellate court.'" *Id.* (quoting *Commonwealth Ins. Co. v. Stone Container Corp.*, 323 F.3d 507, 509 (7th Cir. 2003)).

In one Illinois Appellate Court case, *Watkins v. Office of State Appellate Defender*, 976 N.E.2d 387, 399-400 (1st Dist. 2012), the plaintiff asserted an IHRA retaliation claim against the Office of the State Appellate Defender and the State Appellate Defender, personally. The court dismissed the individual claim against the State Appellate Defender, rejecting plaintiff's argument that the 775 ILCS 5/6-101 reference to a "person" allowed for individual liability. The court stated that where an official acts within the scope of his employment and "retaliates against an employee in the name of the employer, the retaliation charge must be against the employer, not the official personally." *Id.* at 399 (quoting *Modern Metals*, 711 N.E.2d at 471).

This same reasoning is seen in *Kozlowski v. Greenridge Farm, Inc.*, 338 F. Supp. 3d 828, 834–35 (N.D. Ill. 2018). There, a pregnant employee brought an IHRA retaliation claim against a former employer and a supervisor. The court dismissed the claim against the individual supervisor. The court noted that while it is an IHRA violation for an *employer* to discriminate or harass an employee, in the case before it, plaintiff's "boss" was himself, an employee. *See id*. at 835 (finding "*Modern Metal* 'explicitly rejected'" the argument that the IHRA provides for 'liability against an individual employee . . .'"). As a result, plaintiff's boss did not have any individual liability under the Act. *See id*. at 834 (collecting cases).

In the previously cited *Robinson* case, the court dismissed plaintiff's IHRA retaliation claims against her supervisor, corporate counsel, and Human Resources Manager. 2017 WL 201374, at *1. The court found "the Illinois state appellate courts have consistently held that the IHRA does not provide for liability against individual employees for retaliation. 2017 WL 201374, at *5. *See Ross v. Univ. of Chicago*, No. 18-4200, 2018 WL 6448464, at *10 (N.D. Ill. Dec. 10, 2018) (dismissing individual capacity claim against Defendant "because a supervisor cannot be held individually liable for claims asserted under Title VII, the ADEA, or the IHRA"); S*tallworth v. Loyola Univ. Chicago*, No. 14-7084, 2016 WL 3671426, at *3 (N.D. Ill. July 11, 2016) (same).

Plaintiff cites two cases to support that individual liability may be had under the Act. The first, *Anderson v. Pistner*, 499 N.E. 2d 566 (Ill. App. 1986), did *not* consider whether an IHRA claim could be asserted against a non-employer. Rather, the court stated in dicta that, while the plaintiffs could have asserted an IHRA retaliation claim against the individual defendants, they choose not to do so. *Id*. at 569. *See also Robinson*, 2017 WL 201374, at *5 (characterizing this statement as dicta).

The only case which affirmatively found potential IHRA liability on the part of an employee is *Nieman v. Hale*, 541 Fed. Appx. 693, 695-698 (7th Cir. 2013). There, the Seventh Circuit, citing *Pistner*, allowed an IHRA retaliation claim against an individual employee. This, too, was discussed in *Robinson*, with the court noting that it was a non-precedential opinion which the court was not bound to follow. *Robinson* rejected the *Nieman* holding, electing "to follow the rule uniformly followed in Illinois appellate courts that the IHRA does not allow for individual liability in retaliation cases." 2017 WL 201374, at *5. *Kozlowski*, too, declined to follow *Nieman*, noting it was nonprecedential and "arose in a materially distinct factual posture and so does not control here." 338 F.Supp.3d at 836. *Kozlowski* noted that in *Nieman*, the Seventh Circuit was not asked to

consider the liability of an individual employee "as that case involved a company's 'employment agent,' not its employee . . ." *Id*. (citing Nieman, 541 Fed. Appx. at 698).

Plaintiff claims, however, that he may still proceed as the individual Defendants were "personally involved" in his termination, citing *Modern Metal*, where the court affirmed the dismissal of an individually named defendant. In its decision, the court stated "[n]owhere does the complainant argue that [defendant's] actions in suspending or threatening to fire the complainant were personally motivated or were done without the knowledge or consent of the employer." 711 N.Ed.2d at 471. This has been interpreted to mean that there may yet be individual liability under the Act if a supervisor's actions were "personally motivated" or done "without the knowledge or consent of the employer." *See Winston v. Meyers*, No. 22-0368, 2022 WL 18228360, at *4 (Ill. App. Ct. 1st Dist. Dec. 16, 2022) ("The Act does not allow for retaliation claims against individuals unless the retaliation was undertaken outside the scope of the individual's employment, was 'personally motivated,' or done 'without the employer's knowledge or consent.'").

Here, however, Plaintiff has not pled that any of the individual Defendants acted outside the scope of their employment, nor that SPARC was unaware of their actions. Plaintiff also fails to successfully plead that his termination was the result of Defendants' personal motivation where he pleads nothing of motivation and only that Defendants were "personally involved" in his termination.

## CONCLUSION

For the reasons set forth above, Defendants' [Partial] Motion to Dismiss (Doc. 11), is GRANTED. Plaintiff will have 30 days in which to file an amended complaint, should he wish.

Signed on this 25th day of May, 2023.

s/James E. Shadid  
JAMES E. SHADID  
UNITED STATES DISTRICT JUDGE